FRED B. BURNSIDE (State Bar No. 211089)
fredburnside@dwt.com
DAVIS WRIGHT TREMAINE LLP
50 California Street, 23rd Floor
San Francisco, California 94111
Telephone: (415) 276-6500
Fax: (415) 276-6599

SANCHO ACCORSI (State Bar No. 329413)
sanchoaccorsi@dwt.com
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Telephone: (213) 633-6800
Fax: (213) 633-6899

*Attorneys for Defendant Grocery Outlet Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

YURI FONS and JENNIFER TURNER, individuals, on behalf of themselves, the general public, and those similarly situated,

Plaintiffs,

v.

GROCERY OUTLET INC.,

Defendant.

Case No. 5:26-cv-00964-BLF

**STATEMENT OF RECENT DECISION IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

| | |
|---|---|
| Date: | August 27, 2026 |
| Time: | 9:00 a.m. |
| Courtroom: | 1 – 5th Floor |
| Complaint Filed: | January 30, 2026 |

DAVIS WRIGHT TREMAINE LLP

Defendant Grocery Outlet, Inc. respectfully submits this Statement of Recent Decision under Local Rule 7-3(d)(2). The following decisions, each issued after Grocery Outlet's June 26, 2026 Reply in support of its Motion to Dismiss the Complaint, support granting that Motion:

- In *Shannon v. Health Net LLC*, 2026 U.S. Dist. LEXIS 168843 (C.D. Cal. 2026), the court dismissed a complaint for lack of Article III standing despite the allegation that the defendant broke its promise to reject non-essential cookies: The "information related to interaction and behavioral data, browsing activity and account-related interactions, pages viewed, engagement data, and 'persistent identifiers' including email addresses and approximate geolocation information reveal nothing more than users' general identifying information, what the users have seen, and the products and services that interest the users." *Id.* at *8–9 (citing *Popa v. Microsoft Corp.*, 153 F.4th 784, 792, 794 (9th Cir. 2025)). This decision is relevant to the arguments raised in Grocery Outlet's Motion to Dismiss (Dkt. 29) at pages 6–12 and Reply (Dkt. 38) at pages 1–8. The order is attached as **Exhibit A**.
- In *Merical v. The Joint Corp.*, 2026 WL 2225531 (E.D. Cal. 2026), the court dismissed a complaint for lack of Article III standing as follows:

> These types of cases have proliferated in the courts recently, thus, the Court is struck that Plaintiff fails to allege what "other information related to her appointment booking" she entered into the Website. Plaintiff argues that she has made clear "that Defendant revealed her patient status in a medical context," but the Court finds Plaintiff has alleged only that she disclosed her name, email address, phone number, and choice of clinic, and she accessed the Website only one time. And while Plaintiff has given the Court ample allegations regarding the use of pixels and analytics software, the Court agrees with Defendant that Plaintiff seemingly fails to allege what pages she actually viewed, what specific data about her was transmitted to any third party, whether any third party actually received or used her information, or whether she experienced any downstream harm such as targeted advertising or unauthorized disclosure of health information. Generalities are insufficient. Plaintiff's ipse dixit arguments to the contrary are unpersuasive.



DAVIS WRIGHT TREMAINE LLP
50 CALIFORNIA STREET, 23RD FLOOR
SAN FRANCISCO, CALIFORNIA 94111
(415) 276-6500
Fax: (415) 276-6599

DAVIS WRIGHT TREMAINE LLP

*Id.* at *13. The court also held as an alternative basis for dismissal that CIPA § 631 did not apply to these types of internet transmissions. *Id.* at *15–17. This decision is relevant to the arguments raised in Grocery Outlet's Motion at pages 6–12 (standing) and 14–15 (CIPA), and Reply at pages 1–8 (standing) and 9 (CIPA). The order is attached as **Exhibit B**.

- In *Blalock v. FCA US, LLC*, 2026 WL 2364789 (C.D. Cal. 2026), the court dismissed a complaint for lack of Article III standing due to a lack of traceability because the plaintiff did not allege "facts showing a connection between [the third party's] de-anonymization process and" the defendant. *Id.* at *4–5. This decision is relevant to the arguments raised in Grocery Outlet's Motion at pages 12–13 and Reply at pages 8–9. The order is attached as **Exhibit C**.
- In *Penning v. Albertsons Companies, Inc.*, 2026 WL 2325179 (N.D. Cal. 2026), the court issued an order to show cause why the case should not be remanded for lack of Article III standing, reasoning that the "[p]laintiff ha[d] not alleged sufficient facts from which the [c]ourt c[ould] infer she suffered a concrete injury for purposes of Article III standing." *Id.* at *2. This order is relevant to the arguments raised in Grocery Outlet's Motion at pages 6–12,and Reply at pages 1–8. The order is attached as **Exhibit D**.

DATED: August 25, 2026

DAVIS WRIGHT TREMAINE LLP

By: /s/ Fred B. Burnside
Fred B. Burnside

*Attorneys for Grocery Outlet Inc.*



DAVIS WRIGHT TREMAINE LLP
50 CALIFORNIA STREET, 23RD FLOOR
SAN FRANCISCO, CALIFORNIA 94111
(415) 276-6500
Fax: (415) 276-6599